UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN M. HINKLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No.   25-02819 (UNA) |
| FBI *et al.*, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This action brought *pro se* is before the Court on review of Plaintiff's complaint and application for leave to proceed *in forma pauperis* (IFP).  For the following reasons, the Court grants the IFP motion and dismisses the case.

Plaintiff sues the Departments of Justice and Homeland Security, the Federal Bureau of Investigation, and the Central Intelligence Agency.  She invokes the Fifth and Eighth Amendments and mentions, torture, rape, human trafficking, and poison. *See generally* Compl., ECF No. 1.  Plaintiff attaches photos of her injuries, ECF No. 1-2, and states that there "is no amount of money that will ever be enough" presumably to compensate her. *Id*. at 4.  While she arguably alleges a "what," she does not say who did this, when, or where.  Plaintiff states that she moved to Washington, D.C. from Florence, Arizona, and is unhoused, but "will call the court weekly." *Id*. at 1, 5.

Although *pro se* complaints are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must comport with the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and

plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Plaintiff has not alleged facts to "give the defendants fair notice of what the claim is and the grounds upon which it rests," *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016) (cleaned up), much less established a "waiver of the Federal Government's sovereign immunity," *Lane v. Pena*, 518 U.S. 187, 192 (1996).  Therefore, this case will be dismissed by separate order.

_____

Dated: November 12, 2025                              TREVOR N. McFADDEN, U.S.D.J.